IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NOBLE TORNELLO FONTAINE )
PIERCE EL-BEY, )
 )
      Plaintiff, )
 )
  v. ) 1:11CV901
 )
KIMBERLY M. FLETCHER, )
JUDGE WALLACE WADE DIXON, )
JAMES DOUG HENDERSON, )
and MIA HOWELL, )
 )
      Defendants. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion to dismiss filed by Defendants Kimberly Fletcher, James Doug Henderson, and Mia Howell. (Docket No. 5.) Plaintiff responded to this motion by filing a "motion to show cause and for judgment on the pleadings." (Docket No. 8.) For the reasons stated herein, the Court concludes that Defendants' motion should be granted, Plaintiff's motion should be denied, the claims against Defendant Dixon should be dismissed *sua sponte*, and this action should be dismissed.

### FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff claims to be a "natural born aboriginal Washitaw de Dugdahmoundyah Muur's Indigenous People." (Docket No. 1, Complaint ("Compl.") at 2.) He is proceeding

*pro se* in this civil rights action. Plaintiff is a frequent litigator. He names as Defendants a now-retired United States Magistrate Judge for this district, The Honorable Wallace Dixon; the state district attorney for Guilford County, Mr. James Doug Henderson; a state court judicial official, District Judge Kimberly M. Fletcher; and a state assistant district attorney, Ms. Mia Howell.

Plaintiff's complaint includes thirty causes of action. Plaintiff captions his complaint as an "action of trespass" and "action of genocide." (Compl. at 1.) Many of Plaintiff's claims are nonsensical, however the Court liberally construes Plaintiff's complaint to make the following allegations. He claims that the Defendants have deprived him of his rights which are protected by treaties of the United States and the United Nations Declaration on the Rights of Indigenous Peoples. (*Id*. at 3.) Defendants have allegedly incited racial and ethnic discrimination against the Moorish people, of which he is a member. (*Id*.) Defendants are "continually committing Genocide as well as Trespass" against the Moors, according to Plaintiff. (*Id*.)

Plaintiff claims that on September 20, 2011, police officer E. Crozier filed fraudulent charges against him for resisting a public officer. (*Id*. at 4.) Defendant Judge Fletcher was the presiding district court judge in state court for Plaintiff's case. (*Id*.) Defendant Howell prosecuted the case against Plaintiff on behalf of Mr. Henderson's office. (*Id*. at 5.) Defendant Judge Fletcher allegedly had the courtroom deputy seize Plaintiff's tape recorder during the proceeding. (*Id*.) Plaintiff claims that the judge's statement that recording was

not allowed was "false." (*Id.*) Plaintiff also claims that Judge Fletcher improperly dismissed his unspecified motions. (*Id.*) After an exchange between Plaintiff and Judge Fletcher, she ordered Plaintiff to be placed in a holding cell for 20 minutes. (*Id.* at 6.) Prosecutor Howell allegedly made statements in court such as that the Moors "need to follow the Laws of United States or go back to their own land." (*Id.*) Plaintiff claims that such statements "incite racial and ethnic discrimination" against the Moors. (*Id.*) Finally, Plaintiff alleges that Judge Fletcher "made [a] fraudulent entry" and ordered that he be placed on probation for 18 months and complete community service and pay court costs and other fees. (*Id.*) Plaintiff attaches copies of deeds of trust in Defendant Judge Fletcher's name which supposedly show that she satisfied notes in an unusual "time line" which suggests that she was "taking special favor." (*Id.* at 7.)

Plaintiff alleges that Defendant Judge Dixon has incited racial hatred against the Moors because he arranged to preside over "every case" that a Moor has filed in this district and in one case found the Moors' claim, that they are not subject to federal and state law, to be "absurd." (*Id.* at 8.) Plaintiff also alleges that Defendant Judge Dixon has mistreated the Moors in these cases and concludes that Judge Dixon "may have possibly received and/or is receiving monetary funds or special favor from each Defendant(s)." (*Id.* at 9.)

The specific causes of action raised in Plaintiff's complaint will be discussed below. Plaintiff seeks damages and injunctive relief. (*Id.* at 16.) Defendants are sued in their individual and official capacities.

# DISCUSSION

**A.     Standard**

A plaintiff fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

**B.     Absolute Immunity from Damages**

Defendants Howell, Henderson, and Fletcher move to dismiss all of Plaintiff's claims against them because they are entitled to absolute immunity from suit in their personal or individual capacities. (Docket No. 6 at 7-10.) Judges such as Judge Fletcher have absolute immunity from damages for their judicial actions. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because all of the allegations against Defendant Judge Fletcher are based upon her actions as the presiding judge in Plaintiff's criminal case, she is entitled to absolute immunity. *Id*.

Defendants Henderson and Howell are North Carolina state prosecutors. Plaintiff fails to allege any facts against Defendant Henderson. All of the allegations against his subordinate, Defendant Howell, are based upon her actions as the prosecutor in Plaintiff's criminal case. Prosecutors have absolute immunity for their participation in the judicial

process. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *see Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996) (prosecutor's decision of whether and when to prosecute is protected by absolute immunity). Defendants Howell and Henderson are therefore entitled to absolute immunity from damages.

Plaintiff's complaint may or may not have been properly served upon Defendant Judge Dixon, a now retired United States Magistrate Judge. Acting through the United States Attorney for this district, he has filed a motion for extension of time to answer or otherwise respond, and his motion will be granted. It is clear that all claims against him are legally frivolous. All of the allegations against Defendant Judge Dixon are based upon his judicial actions in presiding over Plaintiff's cases or cases involving other Moorish litigants. (Compl.) Judge Dixon is therefore entitled to absolute immunity from damages for his actions.[1] *See Stump*, 435 U.S. 349.

**C.     Injunctive Relief**

Plaintiff seeks injunctive relief against Defendants which would not be barred by their immunity. Specifically, Plaintiff seeks an order that he not be "detained" and that his rights under the declarations of the United Nations not be deprived. (Compl. at 16.) He also

---

[1] Although this recommended dismissal of claims against Defendant Dixon is at this stage of the case a sua sponte act, Plaintiff was advised of his right to respond to the absolute immunity argument raised by the other Defendants and, in fact, did respond. (Docket No. 8.) The same legal argument is applicable to Defendant Judge Dixon. Therefore, Plaintiff was given an opportunity to respond to this issue prior to the recommendation of dismissal.

-5-

requests that each case involving a Moor be re-opened and investigated due to alleged conflicts of interest, prejudice, fraudulent statements, and other defects. (*Id*.)

Plaintiff's request not to be "detained" is not a request for a proper injunction. This request is impermissibly broad and, indeed, is so imprecise that a proper injunction could not be fashioned. Such an injunction also is not supported by the factual allegations made by Plaintiff.

Plaintiff has no rights under the declarations of the United Nations which would support injunctive relief. This Court and other courts have repeatedly found that Plaintiff's theories of rights under such declarations or treaties lack merit. *See, e.g., El-Bey v. City of Charlotte*, No. 3:11-CV-0131, 2011 WL 4757653 (W.D.N.C. May 17, 2011); *El-Bey v. City of Greensboro*, No. 1:10CV291, 2010 WL 3242193 (M.D.N.C. Aug. 16, 2010); *El-Bey v. North Carolina Bd. of Nursing*, No. 1:09CV753, 2009 WL 5220166 (M.D.N.C. Dec. 31, 2009).

Finally, Plaintiff's request that each case involving a Moor be re-opened is not supported by his speculative allegations. It is also an exceedingly vague request.

Accordingly, Plaintiff's request for injunctive relief should also be dismissed.

**D.     Official Capacities**

Plaintiff sues Defendants in both their official and individual capacities. Because Defendants Henderson, Howell, and Fletcher are state employees, the official capacity suit against them is in reality a suit against the State. *Kentucky v. Graham*, 473 U.S. 159, 165-66

(1985). Because the State has not consented to this action, the Eleventh Amendment bars any damages claims against the State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). In addition, an official capacity suit against Defendant Judge Dixon, a federal employee, is subject to the Federal Tort Claims Act and its requirement of exhaustion of administrative remedies. *See Sullivan v. United States*, 21 F.3d 198, 203-06 (7th Cir. 1994). Plaintiff has not shown that he has properly exhausted these remedies. Accordingly, all claims against all Defendants in their official capacities should be dismissed.

E.  **Plaintiff's Causes of Action**

Due to the defects discussed above, the Court need not go into detail on every cause of action raised by Plaintiff. Many of his causes of action are based upon alleged violations of federal criminal statutes–statutes which give no indication that a private right of action exists pursuant to them. (Causes of action 5, 8, 11, 12, 17, 18, 19, 20, 21, 22, 25, 26.) Plaintiff must consult with the United States Attorney's Office, and that office must decide whether to prosecute for a violation of such statutes. *See Doe v. Broderick*, 225 F.3d 440, 447-448 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'") (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)). Therefore, these causes of action should also be dismissed because they fail to state a claim upon which relief may be granted.

Plaintiff bases a number of his causes of action upon declarations of the United Nations. (Causes of action 1, 2, 4, 10, 15, 23, 24.) Plaintiff has no right of action pursuant

to such declarations. *El-Bey v. North Carolina Bd. of Nursing*, 2009 WL 5220166. These causes of action should be dismissed on this ground, as well.

The remainder of Plaintiff's causes of action (Causes of action 3, 6, 7, 9, 13, 14, 16, 27, 28, 29, 30) fail to state a claim for relief. The bases for these causes of action are either not apparent or the claims lack a sufficient factual basis for this Court to reasonably infer that any Defendant could be liable for the misconduct alleged. *See Iqbal*, 556 U.S. 662.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant Judge Dixon's motion for extension of time to file answer or otherwise respond to the complaint until March 12, 2012 (Docket No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motions to strike (Docket Nos. 19, 21) are **DENIED** without prejudice as moot given the recommendation to dismiss all claims against these Defendants.

**IT IS RECOMMENDED** that Defendants' motion to dismiss (Docket No. 5) be granted, that the action be dismissed sua sponte as to Judge Dixon, that Plaintiff's motion for order to show cause (Docket No. 8) be denied, and that this action be dismissed in its entirety due to Plaintiff's failure to state a claim upon which relief may be granted.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 3, 2012